**Jonathan M. Hoffman**, OSB #754180
jhoffman@martinbischoff.com
**Philip A. Rush**, OSB #893526
prush@martinbischoff.com
MARTIN BISCHOFF TEMPLETON LANGSLET & HOFFMAN LLP
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone: (503) 224-3113
Facsimile: (503) 224-9471

   Attorneys for Defendants Sikorsky Aircraft Corporation
   and United Technologies Corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM H. COULTAS, individually, and his wife, CHRISTINA COULTAS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA HELICOPTERS, INC., an Oregon corporation, UNITED TECHNOLOGIES CORP., a Delaware corporation, SIKORSKY AIRCRAFT CORP., a Delaware corporation, GENERAL ELECTRIC COMPANY, a New York corporation, and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS SIKORSKY AIRCRAFT CORPORATION AND UNITED TECHNOLOGIES CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441 (FEDERAL QUESTION)** |

PLEASE TAKE NOTICE THAT defendants Sikorsky Aircraft Corporation ("Sikorsky") and United Technologies Corporation ("UTC") (hereinafter collectively "Defendants") hereby remove this action from the Circuit Court of the State of Oregon for the County of Multnomah to the United States District Court for the District of Oregon.

### I.   FACTUAL SUMMARY

On February 24, 2010, plaintiffs William H. Coultas and Christine Coultas (hereinafter "Plaintiffs"), filed in the Circuit Court of the State of Oregon for the County of Multnomah an action naming Columbia Helicopters, Inc. ("Columbia"), Sikorsky, UTC and GE as defendants.

Page 1 -   DEFENDANTS SIKORSKY AIRCRAFT CORP. AND
           UNITED TECHNOLOGIES CORP.'S  NOTICE OF
           REMOVAL TO FEDERAL COURT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

This action was assigned Case Number 1002-02743. On March 9, 2010, Plaintiffs personally served on defendant GE a summons and a copy of the complaint. Plaintiffs personally served defendant Columbia on March 26, 2010 and defendants Sikorsky and UTC on March 18, 2010. Copies of the summons and complaint served on Sikorsky are incorporated herein by reference and are attached as Exhibit A.

The complaint alleges that William H. Coultas was severely injured as a result of the crash of a Sikorsky S-61 helicopter ("subject aircraft") on August 5, 2008 in the Trinity National Forest. *See Complaint* ¶ 7. Plaintiffs' claims against Sikorsky, UTC, and GE concern each entity's role in designing, manufacturing, selling, and providing inadequate instructions and warnings for the subject aircraft and its component parts. *See id.* ¶¶ 9, 10, 12, and 18. Plaintiffs' claims against Columbia concern its alleged actions in maintaining, servicing, overhauling, inspecting and repairing the subject aircraft and its component parts. *See id.* ¶ 8. The United States Forestry Service ("USFS") contracted with the operator of the subject helicopter, Carson Helicopter, Inc. ("Carson") for the use of the subject aircraft in transporting fire fighters on the day of the accident. The USFS is an agency of the U.S. Department of Agriculture.

## II.    BASES FOR REMOVAL

This action is removable to this Court under 28 U.S.C. § 1441(a) because this Court would have had original federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331. In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308, 312 (2005), the Supreme Court noted that there is a "…variety of federal 'arising under' jurisdiction, … [and] in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." This doctrine

> captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.

Page 2 -    DEFENDANTS SIKORSKY AIRCRAFT CORP. AND
UNITED TECHNOLOGIES CORP.'S NOTICE OF
REMOVAL TO FEDERAL COURT

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

*Grable*, 545 U.S. at 312. The *Grable* Court held that federal jurisdiction can be exercised over a state law claim that raises a substantial federal issue, which is actually disputed. *Id.* at 314.

In the instant litigation, Plaintiffs allege that Defendants (1) were required to and failed to provide adequate manuals, instructions and bulletins for the subject helicopter and its component parts, *Complaint*, ¶¶ 9, 10, 12, and (2) failed to properly design and/or manufacture the subject helicopter and its component parts, *id.* Plaintiffs' claims against Defendants will require the Court to analyze and interpret Federal Aviation Regulations ("FARs"), standards of federal aviation law which are applicable throughout the entire United States and which govern the designing and manufacturing of aircraft, and the manuals, instructions, bulletins and other information required to be issued for the continued airworthiness of an aircraft.

Plaintiffs also allege that Defendants delivered a defective helicopter and/or component parts. Airworthiness certification of aircraft and their component parts involve the manufacturer's employees acting "under the general supervision of the [FAA] Administrator" as DERs [Designated Engineering Representatives] and DMIRs [Designated Manufacturing Inspection Representatives]. 14 C.F.R. §183.31. Thus, Plaintiffs' allegations against Defendants will necessarily involve substantial issues of federal law.

In addition, the subject crash on August 5, 2008, in the Trinity National Forest involved a helicopter being operated at the direction of the USFS to fight a wildfire on U.S. government land. Federal law would likely have been applicable to and governed maintenance and/or repairs accomplished during the USFS' use of the subject helicopter.

Accordingly, the underlying action against Defendants raises significant issues arising under the laws of the United States within the meaning of 28 U.S.C. § 1331. The entire case, therefore, may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a), 1441(b) and 1441(c).

Page 3 -   DEFENDANTS SIKORSKY AIRCRAFT CORP. AND UNITED TECHNOLOGIES CORP.'S NOTICE OF REMOVAL TO FEDERAL COURT

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

### III. INITIAL SERVICE OF COMPLAINT

On March 9, 2010, Plaintiffs served on GE a summons and a copy of the complaint. Plaintiffs served defendants Sikorsky and UTC on March 18, 2010 and defendant Columbia on March 26, 2010. Sikorsky and UTC have therefore timely removed this action within the thirty-day period set forth in 28 U.S.C. § 1446(b).

### IV. VENUE OF REMOVED ACTION

This Court is the United States District Court for the district embracing the place where the state court action is pending. The lower court action was pending before the Circuit Court of the State of Oregon for the County of Multnomah. Therefore, pursuant to 28 U.S.C. § 1446(a), the United States District Court for the District of Oregon is the appropriate court for removal.

### V. PLEADINGS IN THE STATE COURT ACTION

Copies of the summons and complaint are attached hereto as Exhibit A. None of the Defendants have filed an answer in the Circuit Court of the State of Oregon for the County of Multnomah. Thus, no other papers or pleadings are known to be on file with the State Court. A copy of this notice has been served on all parties of record and will be filed with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah.

### VI. CONSENT OF ALL NAMED DEFENDANTS

All named defendants have consented to removal of this action to the United States District Court for the District of Oregon.

### VII. CONCLUSION

WHEREFORE, Sikorsky and UTC respectfully request that the above action be removed from the state court in which it was filed to the United States District Court in and for the District of Oregon, and request further that this Honorable Court issue all necessary orders and process

/ / /

/ / /

Page 4 -   **DEFENDANTS SIKORSKY AIRCRAFT CORP. AND UNITED TECHNOLOGIES CORP.'S NOTICE OF REMOVAL TO FEDERAL COURT**

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

and grant such other and further relief as in law and justice Defendants may be entitled to receive.

DATED this 8th day of April, 2010.

    MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP

By: _____
Jonathan M. Hoffman, OSB #754180
jhoffman@martinbischoff.com
Philip A. Rush, OSB #893526
prush@martinbischoff.com
Of Attorneys for Defendants
Sikorsky Aircraft Corporation
and United Technologies Corporation

AND

**James W. Hunt**, SBN 122582
james.hunt@mendes.com
**Christopher S. Hickey**, SBN 198938
christopher.hickey@mendes.com
MENDES & MOUNT, LLP
445 S. Figueroa Street, 38th Floor
Los Angeles, CA 90071
Telephone: (213) 955-7700
Facsimile: (213) 955-7725

Page 5 -   **DEFENDANTS SIKORSKY AIRCRAFT CORP. AND UNITED TECHNOLOGIES CORP.'S NOTICE OF REMOVAL TO FEDERAL COURT**

MARTIN, BISCHOFF, TEMPLETON, LANGSLET & HOFFMAN LLP
Attorneys at Law
888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone (503) 224-3113

GISSEN & ZAWYER  29660

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WILLIAM HENRY COULTAS, individually, and his wife CHRISTINE COULTAS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA HELICOPTERS, INC., an Oregon corporation; SIKORSKY AIRCRAFT CORPORATION, a Delaware corporation; UNITED TECHNOLOGIES CORPORATION, a Delaware corporation; and GENERAL ELECTRIC COMPANY, a New York corporation,<br><br>Defendants. | Case No. 1002-02743<br><br>**SUMMONS** |

TO: SIKORSKY AIRCRAFT CORPORATION, a Delaware Corporation, THE CORPORATION TRUST COMPANY, Registered Agent, CORPORATION TRUST CENTER, 1209 ORANGE STREET, WILMINGTON DELAWARE, 19801.

YOU ARE HEREBY REQUIRED to appear and defend the Complaint filed against you in the above-entitled cause within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, Plaintiffs will apply to the court for relief demanded in the Complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**
You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the Plaintiff's attorney or, if the Plaintiffs do not have an attorney, proof of service upon the Plaintiffs.

Summons – Page 1

Exhibit A
Page 1 of 8

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box E
Enterprise, Oregon 97828
PH: 541-426-4912 • FX:541-426-4914

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800)452-7636.

DATED this 3rd day of March, 2010.

_____
Roland W. Johnson, OSB# 77237
Of Attorney for Plaintiffs

STATE OF OREGON       )
                      ) ss:
County of Wallowa     )

I, the undersigned attorney of record for Plaintiffs, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled cause.

_____
Roland W. Johnson, OSB# 77237
Of Attorney for Plaintiffs

* * * * * * * * * * * * * * * * *

**TO THE OFFICER SERVING THIS SUMMONS:**

You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the Defendant, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

_____
Roland W. Johnson, OSB # 77237
Of Attorney for Plaintiffs

Summons – Page 2

Exhibit __A__
Page _2_ of _8_

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box B
Enterprise, Oregon 97828
PH: 541-426-4017 • FX-541-426-4014

I hereby certify that the foregoing is a TRUE COPY of the original.

Roland W. Johnson
Attorney at Law

FEB 2 4 2010

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| WILLIAM HENRY COULTAS, individually, and his wife CHRISTINE COULTAS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> COLUMBIA HELICOPTERS, INC., an Oregon corporation; SIKORSKY AIRCRAFT CORPORATION, a Delaware corporation; UNITED TECHNOLOGIES CORPORATION, a Delaware corporation; and GENERAL ELECTRIC COMPANY, a New York corporation, <br><br> Defendants. | Case No. **1002-02743** <br><br> **COMPLAINT** <br><br> (PERSONAL INJURY: NEGLIGENCE/ STRICT LIABILITY)(LOSS OF CONSORTIUM) <br><br> (DEMAND FOR JURY TRIAL) <br><br> (Not Subject to Mandatory Arbitration |

Plaintiffs, WILLIAM COULTAS and CHRISTINE COULTAS, by and through their counsel, hereby file this Complaint against the Defendants COULUMBIA HELICOPTERS, INC., SIKORSKY AIRCRAFT CORPORATION, UNITED TECHNOLOGISES CORPORATION, and GENERAL ELECTRIC COMPANY, and allege the following:

### FIRST CLAIM
#### (Negligence)

1.

Plaintiffs William and Christina ("Chris") Coultas at all material times have been residents of the state of Oregon.

2.

Defendant Columbia Helicopters, Inc. ("Columbia") at all material times herein has been a corporation duly organized and existing under the laws of the state of Oregon, with its principal

Complaint– Page 1

Exhibit __A__
Page __3__ Of __8__

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box B

place of business in Oregon. Columbia maintains a post office box in Multnomah County, Oregon, and transacts regular, sustained business activity in Multnomah County.

3.

Defendant Sikorsky Aircraft Corporation ("Sikorsky Aircraft") at all material times herein has been a corporation duly organized and existing under the laws of the state of Delaware, having its principal place of business outside the state of Oregon, and engaging in substantial and not isolated activities within the state of Oregon.

4.

Defendant United Technologies Corporation ("United") at all material times herein has been a corporation duly organized and existing under the laws of the state of Delaware, having its principal place of business outside the state of Oregon, and engaging in substantial and not isolated activities within the state of Oregon. Sikorsky is the wholly owned subsidiary and agent of United.

5.

Defendant General Electric Company ("General Electric") was at all material times herein a corporation duly organized and existing under the laws of the state of New York, having its principal place of business outside the state of Oregon, and engaging in substantial and not isolated activities within the state of Oregon.

6.

Venue is proper in Multnomah County pursuant to ORS 14.080.

7.

On August 5, 2008, a Sikorsky S-61N model helicopter, with tail number N612AZ ("the Subject Helicopter"), in which Plaintiff William Coultas was the co-pilot, crashed in the Trinity National Forest, California ("the crash"), within moments after takeoff, causing William Coultas to suffer severe injuries as described more fully below. At the time of the crash, Carson Helicopters, Inc. ("Carson") was the owner of the subject helicopter.

Complaint– Page 2


Exhibit A
Page 4 of 8

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box B
Enterprise, Oregon 97828

**8.**

Defendant Columbia was at all material times herein in the business of selling helicopter parts and components in servicing, overhaul, inspection and repair of helicopter and helicopter components. Columbia performed maintenance, service, repair, overhaul, and inspection of, and supplied fuel control units or other parts for helicopters owned by Carson, including the Subject Helicopter.

**9.**

Defendant Sikorsky Aircraft and/or its parent United was the designer, manufacturer and seller of the Subject Helicopter and/or its component parts; and at all times material herein was in the business of designing, manufacturing and selling helicopters and their component parts, and placing them as well as related manuals, instructions and bulletins in the stream of commerce throughout the United States, including Oregon.

**10.**

Defendant General Electric was a designer, manufacturer, and seller of the turbine engines and/or their component parts installed on the helicopter, and at all times herein was in the business of designing, manufacturing, and selling turbine engines and their component parts, and placing them as well as related manuals, instructions and bulletins in the stream of commerce throughout the United States, including Oregon.

**11.**

At the time of the crash, William Coultas was and still remains married to Chris Coultas. Matthew and Ricci Coultas are William and Chris Coultas' natural children.

**12.**

A substantial factor in causing the crash and resulting injuries to William Coultas was the negligence, gross negligence and/or willful, reckless and/or wanton conduct of Defendants in designing, manufacturing, selling, overhauling and/or repairing the helicopter and/or its component parts and/or in providing inadequate instructions and warnings, such that the helicopter was rendered dangerous and unsafe for its intended use. Further, Defendant Columbia

Complaint– Page 3

Exhibit A
Page 5 Of 8

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box E
Enterprise, Oregon 97828

also negligently and/or intentionally failed to preserve key components of the aircraft entrusted to it by the NTSB as part of its investigation after the crash. These components were lost or destroyed by Defendant Columbia which impedes or eliminates Plaintiffs' ability to prove their case. Consequently, Plaintiffs are entitled to either an instruction to the jury as to spoliation of evidence and/or a claim for negligence and/or intentional destruction of evidence.

13.

Defendants' negligence was a substantial factor in causing Plaintiff William Coultas to suffer severe injuries, including severe burns, fractures, lacerations, emotional trauma and shock. The injuries are permanent in nature and have caused and continue to cause him to suffer physical and mental pain and suffering, all to his damage in an amount to be determined by the jury in accordance with law in excess of $15,000,000.00

14.

As a result of the described injuries, Plaintiff William Coultas has required and will continue to require, the services of hospitals, physicians, surgeons, therapists and medications, and has lost earnings to date and will lose earnings in the future all to his economic damage in excess of $5,000,000.00.

15.

Plaintiffs anticipate seeking punitive damages against some or all of Defendants.

### SECOND CLAIM
### (Strict Products Liability)

16.

Paragraphs 1-16 above are realleged and incorporated herein as though fully set forth.

17.

The products at issue were expected to and did reach their users, including William Coultas, without substantial change in the condition in which they were manufactured and/or sold.

Complaint– Page 4

Exhibit A
Page 6 of 8

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box B
Enterprise, Oregon 97828

**18.**

A substantial factor in causing the crash and resulting injuries to William Coultas was that the helicopter, clutches, fuel control units and/or other component parts, as sold by Defendants, were in defective conditions unreasonably dangerous to the user or consumer, and/or inadequate instructions and warnings were provided.

**19.**

As a result of these dangerous defects and William Coultas' resulting injuries, William Coultas has suffered physical and mental pain and suffering, economic and noneconomic damages, and his wife has suffered economic and noneconomic damages, including pecuniary loss, loss of society, companionship, and services, and damages for William Coultas' pain and suffering, all in the fair and reasonable amount in excess of $15,000,000.00.

**20.**

As a result of the described injuries, Plaintiff William Coultas has required and will continue to require, the services of hospitals, physicians, surgeons, therapists and medications, and has lost earnings to date and will lose earnings in the future all to his economic damage in excess of $5,000,000.00.

### THIRD CLAIM
(Loss of Consortium)

**21.**

Paragraphs 1 – 22 above are realleged and incorporated herein as though fully set forth.

**22.**

On August 5, 2008, Plaintiff William Coultas, at the time he was involved in the crash giving rise to the present action, was and still remains married to Chris Coultas.

**23.**

After Plaintiff William Coultas suffered severe injuries, including severe burns, fractures, lacerations, emotional trauma and shock. These injuries are permanent in nature, and have caused and will continue to cause him to suffer physical and mental pain and suffering.

Complaint– Page 5

Exhibit __A__
Page _7_ Of _8_

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box B
Enterprise, Oregon 97828
PH: 541-426-4912 • FX: 541-426-4014

**24.**

As a result of the injuries described above, including the emotional and physical trauma that Plaintiff William Coultas has suffered and will continue to suffer, Chris Coultas has been damaged as she has lost the consortium of her husband.

**25.**

The loss suffered by Chris Coultas is continuing and permanent in nature, as Plaintiff William Coultas has suffered permanent injuries and trauma, including mental trauma, which has injured and will continue to injure the marriage of Plaintiff William Coultas and Chris Coultas.

**26.**

As a result of the negligence and injuries sustained by her husband, Chris Coultas sustained damages for loss of consortium in excess of $10,000,000.00.

WHEREFORE, Plaintiffs pray for judgment of and against Defendants, and each of them:

(1) For full, fair and reasonable noneconomic damages in an amount in excess of $15,000,000.00.

(2) For full, fair and reasonable economic damages in amount in excess of $5,000,000.00.

(3) For costs and disbursements incurred in this action.

Dated this 16th day of February, 2010.

Roland W. Johnson, LLC

*[signature]*

Roland W. Johnson, Esq.
Bar Number: 772370
200 W. Main Street
Enterprise, OR 97828
Email Address: rwjlaw@eoni.com
Telephone Number: (541)426-4912
Attorney for Plaintiffs

Complaint– Page 6

Exhibit A
Page 8 Of 8

Roland W. Johnson, LLC
200 W. Main Street
Post Office Box E
Enterprise, Oregon 97828
PH: 541-426-4912 • FX:541-426-4914

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2010, I served the foregoing DEFENDANTS SIKORSKY AIRCRAFT CORPORATION AND UNITED TECHNOLOGIES CORPORATION'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441 (FEDERAL QUESTIONS) on the following attorneys:

Roland W. Johnson
Roland W. Johnson LLC
200 W. Main Street
Enterprise, OR 97828
Facsimile: 541-426-4914
Email: rjohnson@eoni.com

Attorney for Plaintiff

Scott A. Brooksby
Brooksby Kaempf PC
121 SW Morrison Street, Suite 100
Portland, OR 97204

Attorneys for General Electric Company

Peter C. Richter
Dean D. DeChaine
Heather K. Cavanaugh
Miller Nash LLP
111 SW Fifth Ave, Suite 3400
Portland, OR 97204

Attorneys for Columbia Helicopters, Inc.

    X    by mailing a copy thereof in a sealed, first-class postage prepaid envelope, addressed to each attorney's last known address and deposited in the U.S. Mail at Portland, Oregon, on the date set forth above;

    ____    by causing a copy to be hand delivered to said attorneys at each attorney's last known office address on the date set forth above;

    X    by faxing a copy thereof to each attorney at his last known facsimile number on the date set forth above; or,

    ____    by sending a copy thereof via overnight delivery in a sealed, prepaid envelope, addressed to each attorney's last known address on the date set forth above.

MARTIN, BISCHOFF, TEMPLETON,
LANGSLET & HOFFMAN LLP

By: _____
John M. Hoffman, OSB #75418
Of Attorneys for Defendants
Sikorsky Aircraft Corporation and
United Technologies Corporation

Page 1 - CERTIFICATE OF SERVICE