IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**WILLIAM HENRY COULTAS**,
individually, and his wife
**CHRISTINE COULTAS**, individually,

          Plaintiffs,

    v.

**COLUMBIA HELICOPTERS, INC.**, an
Oregon corporation; **UNITED
TECHNOLOGIES CORP.**, a Delaware
corporation; **SIKORSKY AIRCRAFT
CORP.**, a Delaware corporation; and
**GENERAL ELECTRIC COMPANY**, a
New York corporation,

          Defendants.

No. CV 10-384-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiffs filed claims for personal injury, negligence, strict liability, and loss of

consortium in Multnomah County Circuit Court for claims arising from a helicopter crash on

August 5, 2008. A Sikorsky S-61N helicopter crashed during takeoff from a remote mountain

site in the Shasta-Trinity National Forest in Northern California. The helicopter was transporting

firefighters, along with a U.S. Forest Service check pilot, who were working on the Iron 44 Fire.

Plaintiff William Coultas was the co-pilot and Roark Schwanenberg, plaintiff–decedent in

related case CV 10-385, was the pilot in command of the helicopter. Mr. Coultas was severely

injured in the crash.

PAGE 1 - OPINION AND ORDER

Except for these two cases, 10-384 and 10-385, all other claims related to this crash are pending before this Court in a multi-district litigation, MD 09-2053-MO. Defendants removed the Coultas plaintiffs' claims from state court pursuant to 28 U.S.C. § 1441(a) "because this Court would have had original federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331." (Notice of Removal (#1) 2.) Plaintiffs filed a Motion to Remand (#31) asserting that this Court lacks subject matter jurisdiction under § 1331.

## DISCUSSION

### I.    Standard of Review

"The burden of establishing federal jurisdiction is upon the party seeking removal, . . . and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The Ninth Circuit instructs courts to "resolve[] all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### II.    Motion to Remand

In their Notice of Removal, defendants claim this Court has federal question jurisdiction under § 1331 in light of *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). (*See* Notice of Removal (#1) 2.) *Grable* recognized that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." 545 U.S. at 312.

In support, defendants argue that because the U.S. Forest Service ("USFS") was operating the flight, plaintiffs' complaint necessarily places aspects of the agency's operations at issue as well as USFS rules and regulations. Additionally, defendants point out that plaintiffs'

PAGE 2 - OPINION AND ORDER

complaint will require the Court to analyze and interpret various Federal Aviation Administration ("FAA") rules and regulations. Finally, defendants contend that plaintiffs' allegation of spoliation against Columbia raises significant federal issues concerning the rules and regulations of the National Transportation Safety Board ("NTSB").

*Grable* allows federal question jurisdiction over a state law claim only when the complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial." 545 U.S. at 314. The Court subsequently noted that *Grable* represents a "slim category"—the facts of *Grable* included direct interpretation of a federal statute, the case centered on the action of a federal agency, and it "presented a nearly 'pure issue of law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006).

Here, the claims asserted against these defendants are traditional state law tort claims. Plaintiffs presumably could have asserted a claim against the USFS itself, but they chose not to do so, instead simply alleging that these defendants' acts were a substantial factor in the crash. The claims do not turn on interpretation of a federal statute, though they may implicate federal rules or regulations. I agree, however, with numerous other courts that the mere presence of a federal rule or regulation in a case does not create a substantial federal issue. To hold otherwise would create federal question jurisdiction for every airplane or helicopter crash, no matter the factual circumstances.

While federal actors, manuals, rules, or regulations may come up at trial or other resolution of this case, it does not appear that the evaluation of these things will result in a determination of federal law such that this Court maintains federal question jurisdiction. For example, I can imagine an analysis of possible "substantial factors" that requires evaluation of

the impact of operations controlled by the USFS, a federal agency. Even so, the fact finder could decide that USFS's operational decisions were a substantial factor in the crash, rather than defendants' products or conduct, without ever having to determine whether USFS was actually negligent in its operations.

Therefore, I find that defendants have not met their burden to establish that this Court has removal jurisdiction pursuant to 28 U.S.C. § 1441 and I GRANT plaintiffs' Motion to Remand (#31). Because defendants' argument under *Grable* is not frivolous, I decline to award costs to plaintiffs. At oral argument, the parties suggested that future events may lead to a subsequent removal attempt. In the meantime, I will proceed with the multi-district litigation on similar issues and will reevaluate the jurisdictional showing if and when appropriate.

## CONCLUSION

For the reasons given above, I GRANT plaintiffs' Motion to Remand (#31).

IT IS SO ORDERED.

DATED this  28th   day of June, 2010.


 /s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 4 - OPINION AND ORDER